UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOWELL GREEN, TDCJ #00518622, | § | |
| | § | |
| Plaintiff, | § | |
| | § | SA-23-CV-01052-XR |
| v. | § | |
| | § | |
| JUDGE ROBERT L. PITMAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Lowell Green's ("Green") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court presumes that because Green did not pay the filing fee he seeks leave to proceed *in forma pauperis* ("IFP"). Upon review, the Court orders Green's presumed IFP application **DENIED** and his Complaint **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strike rule of 28 U.S.C. § 1915(g). (*Id.*); *see* 28 U.S.C. § 1915(g). The Court further orders that to the extent Green has sought relief pursuant to 28 U.S.C. § 2254, his application for writ of habeas corpus is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application. (ECF No. 1); *see* 28 U.S.C. § 2254(b)(3).

### ANALYSIS

**A. Claims Pursuant to § 1983**

*1. Applicable Law*

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous,

malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, "the 'threat or prison condition [must be] real and proximate.'" *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Because § 1915(g) requires a showing of "imminent" danger, allegations of past harm do not suffice; the harm alleged must be about to occur or occurring at the time the complaint is filed. *Id.* Further, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner*, 2014 WL 2940580, at *1 (citing *Valdez*, 2008 WL 4710808, at *1).

A prisoner who is not proceeding IFP may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds IFP in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three–strikes dismissal rule.

   *2. Application*

While incarcerated, Green has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Green v. United States of America, et al.*, No. 4:18-CV-01927 (S.D. Tex. Sept. 18, 2019 (dismissed as frivolous);

*Green v. Pitman, et al.*, No. 4:18-CV-03975 (S.D. Tex. Oct. 24, 2018) (same); *Green v. Davis, et al.*, No. 6:16-CV-01261-JCB-KNM (E.D. Tex. Aug. 27, 2018) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1), which authorizes dismissal when action is frivolous, malicious, or fails to state claim upon which relief may be granted); *Green v. Cooper, et al.*, No. 6:16-CV-01260-RC-KNM (W.D. Tex. Aug. 14, 2018) (dismissed for failure to state claim upon which relief may be granted); *Green v. State of Tex. Gov't, et al.*, No. 17-50165 (5th Cir. Nov. 27, 2017) (appeal dismissed as frivolous); *Green v. State of Tex., et al.*, No. 6:17-CV-092-ADA (W.D. Tex. May 18, 2017) (dismissed as frivolous); *Green v. State of Tex. Gov't, et al.*, No. 6:16-CV-424-ADA (W.D. Tex. Feb. 13, 2017) (same); *Green v. Davis, et al.*, No. 6:17-CV-419-ADA (W.D. Tex. Feb. 13, 2017) (same); *Green v. Sapin, et al.*, No. 7:16-CV-00014-O (N.D. Tex. Feb. 24, 2016) (same); *Green v. Stephens*, No. 4:15-CV-3257 (S.D. Tex. Nov. 5, 2015) (dismissed for failure to state claim upon which relief may be granted).[1] Therefore, under the three–strikes rule, Green may not file another

---

[1] Numerous courts have recognized Green's three–strike status and dismissed on that basis when he failed to show imminent danger of serious bodily injury. *See, e.g., Green v. Tex. Parole Bd.*, No. 3:21-CV-03190-K-BN (N.D. Tex. Mar. 23, 2022); *Green v. USA*, No. 6:21-CV-00716-ADA (W.D. Tex. July 15, 2021); *Green v. Pitman*, No. 6:21-CV-00664-ADA (W.D. Tex. June 29, 2021); *Green v. USA*, No. 6:21-CV-00647-ADA (W.D. Tex. June 24, 2021); *Green v. Pitman*, No. 6:21-CV-00618-ADA (W.D. Tex. June 18, 2021); *Green v. Gimble, et al.*, No. 6:21-CV-105-ADA (W.D. Tex. Feb. 2, 2021); *Green v. Boyle*, No. 3:20-CV-03654-G-BN (N.D. Tex. Jan. 8, 2021); *Green v. Lumpkin, et al.*, No. 4:20-CV-04203 (S.D. Tex. Dec. 17, 2020); *Green v. McLennan Cnty. Jail, et al.*, No. 4:20-CV-04164 (S.D. Tex. Dec. 8, 2020); *Green v. Lumpkin, et al.*, No. 4:20-03954 (S.D. Tex. Dec. 3, 2020); *Green v. McClennan Cnty. Jail – Med. Dep't, et al.*, No. 4:20-CV-03949 (S.D. Tex. Nov. 20, 2020); *Green v. Univ. of Tex. Med. Branch, et al.*, No. 4:19-CV-04635 (S.D. Tex. Dec. 2, 2019); *Green v. Tarrant Cnty. Dist. Attorney, et al.*, No. 4:19-CV-00774-P (N.D. Tex. Sept. 30, 2019); *Green v. Tarrant Cnty. Dist. Attorney, et al.*, No. 4:19-CV-00714-O (N.D. Tex. Sept. 10, 2019); *Green v. Yeakel, et al.*, No. 1:19-CV-00584-FM (W.D. Tex. June 13, 2019); *Green v. Bennett, et al.*, No. 3:19-CV-00067-L-BT (N.D. Tex. May 21, 2019); *Green v. United States of America, et al.*, No. 1:19-CV-00485-LY (W.D. Tex. May 14, 2019); *Green v. Mitchell*, No. 3:19-CV-00016-C-BH (N.D. Tex. Jan. 23, 2019); *Green v. Parkland Mem'l Hosp., et al.*, No. 3:18-CV-03403-B-BH (N.D. Tex. Jan. 18, 2019); *Green v. The Dep't of Correction*, No. 3:18-CV-02118-B-BT (N.D. Tex. Jan. 18, 2019); *Green v. Pitman, et al.*, No. 6:19-CV-00018-ADA (W.D. Tex. Jan. 18, 2019); *Green v. Davis, et al.*, No. 3:18-CV-03309-B-BN (N.D. Tex. Jan. 10, 2019); *Green v. Love, et al.*, No. 6:18-CV-00513-TH-KNM (E.D. Tex. Jan. 8, 2019); *Green v. Love, et al.*, No. 6:18-CV-00472-TH-KNM (E.D. Tex. Jan. 7, 2019); *Green v. Mitchell*, No. 18-CV-00346-ADA (W.D. Tex. Nov. 26, 2018); *Green v. Stone, et al.*, No. 5:18-CV-01094-DAE (W.D. Tex. Oct. 18, 2018); *Green v. Tex. Parole Bd.*, No. 3:18-CV-02556-K-BK (N.D. Tex. Oct. 15, 2018); *Green v. Tex. Bd. of Pardons & Paroles, et al.*, No. 6:18-CV-00259-RAS-JDL (E.D. Tex. Aug. 10, 2018); *Green v. United States of America, et al.*, No. 4:18-CV-02435 (S.D. Tex. July 17, 2018); *Green v. Univ. of Tex. Med. Branch, et al.*,

civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Green has failed to carry his burden.

Green's Complaint consists of references to past state criminal cases, past federal proceedings, and snippets of legal jargon. (ECF No. 1). Liberally construing his Complaint, Green appears to allege violations of his constitutional rights based treason, false imprisonment, failure to appoint counsel, ineffective assistance of counsel, illegal activity by various state and federal judges, a defective indictment, conspiracy to violate his rights under the Fourteenth Amendment, fraud, and illegal sentencing. (*Id.*). He appears to seek monetary damages and release from confinement. (*Id.*). Green's claims are unrelated to imminent danger of serious physical injury. (*Id.*); *see Miller*, 2016 WL 3267346, at *2. Because Green has failed to show a real and proximate threat or allege specific facts demonstrating he is in imminent danger of serious physical injury, the Court finds he has failed to meet the requirements necessary to avoid application of the three–strikes rule. *See* 28 U.S.C. § 1915(g).

## B. *Claims Pursuant to § 2254*

### 1. *Applicable Law*

Section 2244(b) of Title 28 of the United States Code provides that before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). If the applicant fails seek an order authorizing the district court to consider his habeas application, the application is subject to dismissal for want of

---

No. 6:18-CV-00022-RAS-JDL (E.D. Tex. June 28, 2018); *Green v. USA*, No. 6:17-CV-00235-ADA (W.D. Tex. Sept. 14, 2017); *Green v. State of Tex., et al.*, No. 6:17-00226-ADA (W.D. Tex. Aug. 22, 2017); *Green v. Gray, et al.*, No. 6:17-CV-131-ADA (W.D. Tex. May 23, 2017).

4

jurisdiction. *See In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (holding that petitioner must receive authorization before filing successive § 2254 habeas application).

 *2.  Application*

  After reviewing Green's pleading, the Court finds he may be seeking habeas relief pursuant to § 2254. (ECF No. 1). Green's first habeas application was denied in 2016. *See Green v. Davis*, No. 6:15-CV-00285-ADA (W.D. Tex. Mar. 30, 2016). His second application was transferred to the Fifth Circuit as successive, and the Fifth Circuit denied authorization to file a successive application on March 23, 2018. *See Green v. Davis*, No. 6:17-CV-295-RP (W.D. Tex. Mar. 23, 2018). Thus, pursuant to § 2244(b), the Court finds that to the extent Green is seeking to file a successive application for writ of habeas corpus, his application must be dismissed for lack of jurisdiction because he has not obtained prior approval to file a successive habeas corpus application. *In re Campbell*, 750 F.3d at 529.

CONCLUSION

  Green has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Therefore, his current Complaint is subject to dismissal because he has failed to establish imminent danger of serious physical injury. Green may only proceed with this action if he pays the full filing fee contemporaneously with the filing of a timely motion to reinstate. Additionally, to the extent Green seeks relief pursuant to § 2254, his application is subject to dismissal for want of jurisdiction because he failed to obtain the mandatory approval before filing.

**IT IS THEREFORE ORDERED** that Green's presumed request to proceed IFP is **DENIED** and his Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g).

Green is advised that his Complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within thirty (30) days of the date of this Order of Dismissal.

**IT IS FURTHER ORDERED** that to the extent Green seeks relief pursuant to 28 U.S.C. § 2254, his application (ECF No. 1) is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application.

It is so **ORDERED**.

**SIGNED** August 28, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

6